United States District Court
Southern District of New York



| Carlos Augusto Lopes, |
| *Plaintiff,* |
| -against- |
| Mellon Investor Services LLC, JPMorgan Chase & Co., Wachovia Corporation, Wachovia Bank, N.A., Wachovia/First Union Bank, Helena Bushroe. John Doe and Jane Roe, |
| *Defendants.* |

07 Civ.
(GR 0534)

**Complaint**

Plaintiff, Carlos Augusto Lopes, through his attorneys Fryer & Ross LLP, for his complaint in the above captioned action alleges and pleads as follows:

## Parties and Jurisdiction

1) Plaintiff Carlos August Lopes ("Lopes") is a citizen of Brazil and resides at Rua Rainha Guilhermina, 80 apto. 301 Leblon, Rio de Janeiro, RJ Brazil, 22441-120.

2) On information and belief, Mellon Investor Services LLC ("Mellon") is a New Jersey Limited Liability Company authorized to do business and subject to service of process in the State of New York. On information and belief Mellon has an office in New York City and its principal place of business at 480 Washington Boulevard, Jersey City, New Jersey 07310..

3) On information and belief, Wachovia Corporation is a North Carolina corporation authorized to do business and subject to the jurisdiction of the courts of New York State and has an office for service of process at 101 N. Indpendence Mall E., Philadelphia, Pennsylvania 19106

4) On Information and belief, Wachovia Bank N.A.,is a national banking corporation that is a wholly owned subsidiary or affiliate of Wachovia Corporation. On information and belied Wachovia Bank N.A. does business in the State of New York, is subject to the jurisdiction of the courts of New

York State and has an office for service of process at 101 N. Indpendence Mall E., Philadelphia, Pennsylvania 19106.

5) On information and belief, Wachovia/First Union Bank is a predecessor entity or the wholly owned subsidiary or affiliate of Wachovia Corporation or Wachovia Bank, N.A. and is subject to the jurisdiction of the courts of New York state and has an office for service of process at 101 N. Indpendence Mall E., Philadelphia, Pennsylvania 19106.(All Wachovia defendants are referred to herinafter collectively as "Wachovia." or "Wachovia Bank")

6) On information and belief, J.P. Morgan Chase & Co. is a Delaware corporation, does business in and is subject to the jurisdiction of the courts of New York State and has its principal place of business at 270 Park Avenue, New York, NY 10017.

7) On information and belief, Helena Bushroe is a name used by a person, not known to plaintiff, who participated in, caused or was otherwise involved in the conversion of plaintiff's property as alleged herein. Plaintiff does not know the place of residence or business of this person, whether "Helena Bushroe" is this person's real name or whether this person was an employee or agent of one or more of the corporate defendants. On information and belief, plaintiff believes that this person is female.

8) John Doe and Jane Roe are persons, the number, gender, citizenship and identity of whom are unknown to plaintiff, who participated in or were otherwise involved in the conversion of plaintiff's property as alleged herein.

9) On information and belief, a substantial part of the events or omissions giving rise to plaintiff's claim against defendant or a substantial part of the property that is the subject of the action was situated in the Southern District of New York.

    a) Lopes was employed by JPMorgan Chase & Co. ("Chase") in the City and County of New York from in or about June 2000 through in or about December 2001 at the Chase offices located at 60 Wall Street, New York, New York. During that period he resided at 50 Commerce Street, New York, New York 10014.

    b) Lopes earned "Incentive Compensation" from Chase. Part of that compensation was paid in the form of credits for JPMorgan Chase common stock, which at a later date was converted to actual shares of common stock.

    c) On information and belief, Chase selected Mellon to act as custodian of the Chase stock issued to Lopes and Mellon is an agent of Chase, acting under Chase' supervision and control with respect to all matters relevant to this action. On information and belief, Chase's contract with Mellon was made in the Southern District of New York.

        i) At the time Mellon began its relationship with Lopes, he resided in the Southern District of New York.

           (1) Chase awarded Lopes shares of its stock while he lived and worked in the Southern District of New York in a Chase office located in the Southern District of New York.

        ii) Mellon, independently or on behalf of Chase, corresponded with Lopes at his work and residence addresses in New York.

        iii) Chase advertises on its corporate home page web site that Mellon is its agent for stock transfer services.

        iv) Mellon at all relevant times acted as agent for Chase in connection with the issue of its shares to plaintiff.

    d) By July 2004, Lopes' owned approximately 2520 shares of Chase stock and it had a market value at that time of approximately $95,563.45.

10) The amount in controversy exceeds $75,000 exclusive of interest and costs.

11) This Court has jurisdiction over the parties pursuant to Title 28, U.S.C. §1332(a)(2).

12) Venue is properly laid under Title 28 U.S.C. §1391(a)(2) or §1391(a)(3).

# Facts

13) Defendant Mellon is in the business of acting as a custodian of share certificates for customers and holds billions of dollars worth of share certificates and other securities for individuals and business entities, including but not limited to shares issued by Chase and belonging to plaintiff.

14) On information and belief, on July 1, 2004, plaintiff owned approximately 2,500 Chase shares that had a value of approximately $95,563.45. On information and belief, the value of 2,500 Chase shares today, plus the value of dividends that would have been issued on those shares since July 1, 2004 is more than $150,000.

15) In June 2004, an imposter, purporting to be plaintiff or to be acting on plaintiff's behalf, and at least one other person, using the name Helena Bushroe, or a similar name, instructed Mellon to sell plaintiff's share account and send the proceeds of such sale to an address in Rio de Janeiro Brazil.

16) On information and belief, Mellon, acting on the imposter's instructions, caused a check to be issued on July 1, 2004 by Chase, payable at a Chase location in New York City or in Syracuse. A copy of said check is annexed hereto and is referred to hereinafter as the "Check".

17) On information and belief, the imposter, or others unknown to plaintiff and acting in concert with the imposter, opened an account at Wachovia into which the Check could be deposited.

18) On information and belief, the Check was deposited in the foregoing account at Wachovia Bank and negotiated on or about July 28, 2004

19) Plaintiff did not direct that his Chase shares be sold. He did not request that a check be issued. He did not receive any check and he had no relationship with any account at Wachovia Bank.

20) On information and belief, Mellon first advised plaintiff of the sale of his shares or or after August 30, 2004.

## First Statement of Claim Against Mellon

21) Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 of this complaint as if fully set forth herein.

22) Mellon, as bailee of plaintiff's Chase shares, had a fiduciary duty to plaintiff to safeguard his property.

23) On information and belief, Mellon did not confirm directly with plaintiff that he had authorized the sale of his Chase shares.

24) Mellon was negligent in the design or application of its security procedures and its negligence caused plaintiff damage.

25) Mellon, in permitting an imposter to gain access to plaintiff's account and in providing said imposter with a check for the proceeds of that account, breached its duty of care to plaintiff.

26) Mellon caused Chase to issue the Check, thereby enabling the imposter to convert plaintiff's property.

   a) Mellon did not exercise its duty of due care to plaintiff

   b) Mellon was negligent in liquidating plaintiff's Chase stock holdings in its possession, custody and control and in permitting Chase to issue the Check.

27) Plaintiff has been damaged to the extent of the value of the shares at July 1, 2004, their appreciation to this date and the value of the dividends that would have been paid on those shares had they not been lost through Mellon's breach of duty and negligence an amount not less than $150,000.

## Second Statement of Claim Against Wachovia

28) Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 and 22 through 27 of this complaint as if fully set forth herein.

29) On information and belief, defendants Wachovia Corporation, Wachovia N.A., Wachovia/First Union Bank and any other entities owned or

controlled or affiliated with Wachovia Corporation ("Wachovia") honored a check on the basis of a forged endorsement.

30) Alternatively, on information and belief, Wachovia allowed an account to be opened into which checks issued to persons other than the intended payee could be negotiated and provided the means for the imposter and other persons unknown to plaintiff to negotiate the Check, thereby depriving plaintiff of his property.

   a) On information and belief, Wachovia did not exercise due diligence in ascertaining the identity of the person or persons who opened the foregoing account.

   b) On information and belief, Wachovia was negligent in processing a check drawn to the order or purportedly drawn to the order of plaintiff, and permitting the Check to be deposited in an account to which persons not known to or authorized by plaintiff had access.

31) On information and belief, Wachovia did not exercise due diligence or demonstrate an adequate level of care in identifying the person who presented the Check for deposit at Wachovia.

32) Plaintiff has been damaged by the wrongful conduct of Wachovia in an amount not less than $150,000.

## Third Statement of Claim against JPMorgan Chase & Co.

33) Plaintiff repeats and realleges the allegations of paragraphs 1 through 20, 22 through 27, and 29 through 32 of this complaint as if fully set forth herein..

34) On information and belief, Chase is liable to plaintiff for the acts of Mellon on the basis of the doctrine of respondeat superior.

## Fourth Statement of Claim against Helena Bushroe and John Doe and Jane Roe

35) Plaintiff repeats and realleges the allegations of paragraphs 1 through 20, 22 through 27 and 29 through 32 of this complaint as if fully set forth herein..

36) On information and belief, defendants Helena Bushroe, John Doe and Jane Roe caused the Check to be issued and deposited said check with Wachovia, thereby defrauding plaintiff.

37) Plaintiff has been damaged by the wrongful conduct of defendants Bushroe, Doe and Roe.

## Conclusion

Wherefore, for the reasons set forth herein, plaintiff demands the following relief against all defendants:

38) A money judgment against all defendants, jointly and severally, for the value of Plaintiff's Chase shares today, plus the value of all dividends that have been issued on the Chase shares held for defendant by one or more of the plaintiff in an amount to be proved at trial, but not less than $150,000.

39) Prejudgment interest on all amounts found to be due to plaintiff.

40) Such other and further relief as to this Court seems just and proper.

Dated: New York, New York

June 21, 2007

Fryer & Ross LLP<br>
Attorneys for Plaintiff<br>
551 Fifth Avenue, Suite 1922<br>
New York, New York 10176<br>
By, _____<br>
Gerald E. Ross (GR 0534)