UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CARLOS AUGUSTO LOPES,

                          Plaintiff,

v.

MELLON INVESTOR SERVICES LLC, JP MORGAN CHASE & CO., WACHOVIA CORPORATION, WACHOVIA BANK, N.A., WACHOVIA/FIRST UNION BANK, HELENA BUSHROE, JOHN DOE AND JANE ROE,

                          Defendants.

---------------------------------------------------------------X

07 Civ. 5928

**ANSWER AND CROSS-CLAIM OF DEFENDANT MELLON INVESTOR SERVICES LLC**

Defendant, Mellon Investor Services LLC ("Mellon"), by its attorneys, Hodgson Russ LLP, for its answer to plaintiff's complaint, states as follows:

### Parties and Jurisdiction

1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.     Admits the allegations contained in paragraph 2 of the complaint except denies that Mellon has an office in New York City.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, except denies the allegations contained in subparagraph (c) (excluding subparts) and admits, upon information and belief, the allegations contained in subparagraph (c)(iv).

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

### Facts

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, except admits that, just prior to July 1,

2004, plaintiff was the registered owner of approximately 2,500 shares of the common stock of Chase.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, except admits that, pursuant to Mellon's instructions, on July 1, 2004, a check was issued by Chase.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

## First Claim Against Mellon

21. Respecting paragraph 21 of the complaint, Mellon repeats and realleges its answers to paragraphs 1 through 20 of the complaint as if set forth fully herein.

22. Denies the allegations contained in paragraph 22 of the complaint.

23. Denies the allegations contained in paragraph 23 of the complaint.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Denies the allegations contained in paragraph 25 of the complaint.

26. Denies the allegations contained in paragraph 26 of the complaint.

27.     Denies the allegations contained in paragraph 27 of the complaint.

### Second Claim Against Wachovia

28.     Respecting paragraph 28 of the complaint, Mellon repeats and realleges its answers to paragraphs 1 through 27 of the complaint as if set forth fully herein.

29.     Respecting paragraph 29 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

30.     Respecting paragraph 30 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

31.     Respecting paragraph 31 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

32.     Respecting paragraph 32 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

### Third Claim Against JPMorgan Chase & Co.

33.     Respecting paragraph 33 of the complaint, Mellon repeats and realleges its answers to paragraphs 1 through 32 of the complaint as if set forth fully herein.

34.     Respecting paragraph 34 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

### Fourth Claim Against Helena Bushroe, John Doe and Jane Roe

35.     Respecting paragraph 35 of the complaint, Mellon repeats and realleges its answers to paragraphs 1 through 34 of the complaint as if set forth fully herein.

36.     Respecting paragraph 36 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

-5-

37. Respecting paragraph 37 of the complaint, no answer is required as the allegations do not state a claim against Mellon.

## FIRST AFFIRMATIVE DEFENSE

38. The complaint fails to state a cause of action against Mellon.

## SECOND AFFIRMATIVE DEFENSE

39. Mellon, at all times, acted with due care, innocently and in good faith with respect to the matters alleged in the complaint.

## THIRD AFFIRMATIVE DEFENSE

40. Any and all alleged events and happenings, injuries and damages, if any, referred to in the complaint were proximately caused or contributed to by other parties, including the plaintiff. Therefore, it is necessary that the proportion or degree of fault of each of the other parties be determined so that as among the parties, Mellon only pays that amount which is caused by it, if any. Any damage sustained by plaintiff was due to its own actions and/or those of intervening causes or agencies.

## FOURTH AFFIRMATIVE DEFENSE

41. Any and all alleged events and happenings, injuries, and damages, if any, referred to in the complaint, were the result of plaintiff's contributory and/or comparative negligence, thereby reducing or barring plaintiff's claims for damages and other relief.

## FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff has failed to mitigate his alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

43. Plaintiff failed to provide proper and timely notice of his alleged loss to Mellon, preventing Mellon from mitigating any alleged harm.

## SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff acted negligently in failing to prevent others from accessing his account and in permitting others to obtain sufficient information from his account to effect the transactions alleged in the complaint.

## CROSS-CLAIM AGAINST WACHOVIA

### (Contribution)

1. Mellon has denied any responsibility whatsoever with respect to the liability for damages allegedly incurred by plaintiff.

2. If it should be determined, however, that Mellon is in some manner liable to plaintiff, then any damages found to have been sustained by plaintiff in this action were proximately caused or contributed to by the conduct of Wachovia.

3. It is necessary that a prorated degree of negligence and/or fault, or other culpable conduct of cross-defendants be determined and prorated so that Mellon will not be required to pay more than its prorated share of any judgment or other award recovered by plaintiff against Mellon, if any, and to pay only according to the degree of negligence and/or fault attributed to Mellon, if any.

## DEMAND FOR RELIEF

**WHEREFORE,** Mellon demands that the Court enter judgment in its favor dismissing the complaint in its entirety and requests judgment against Wachovia as follows:

A) Directing that Wachovia has duties of contribution and to hold Mellon free and harmless from any and all cost, expense or liability in connection with plaintiff's complaint or any cross-claims that may be filed herein; and

-7-

B) Awarding Mellon such other and further relief to which it may be entitled in law and equity, including recovery of its costs and attorney's fees.

Dated: September 25, 2007

Respectfully submitted,

HODGSON RUSS LLP

*[signature]*

Mark A. Harmon (9126)
1540 Broadway, 24th Floor
New York, NY 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
E-mail: mharmon@hodgsonruss.com
*Attorneys for Defendant*
*Mellon Investor Services LLC*