UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS AUGUSTO LOPES,

                               Plaintiff,

   -against-

MELLON INVESTOR SERVICES LLC, JP MORGAN
CHASE & CO., WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., WACHOVIA/FIRST
UNION BANK, HELENA BUSHROE, JOHN DOE
AND JANE ROE,

                              Defendant.
------------------------------------------------------------------------X

Index No.: 07 CIV 5928 (DLC)

**AFFIDAVIT OF COUNSEL IN SUPPORT OF WACHOVIA'S MOTION TO DISMISS**

STATE OF NEW YORK     )
                                       ss:
COUNTY OF NEW YORK  )

    JOHN NOCERA, being duly sworn, deposes and says:

    1. I am an attorney at law admitted to practice in this Court and a member of the firm of Rosner Nocera & Ragone LLP, attorneys for defendant Wachovia Bank, N.A., ("Wachovia"), also incorrectly sued herein as "Wachovia Corporation" and "Wachovia/First Union Bank" (hereinafter collectively referred to as "Wachovia"). I am fully familiar with all pleadings and prior proceedings in this action.

    2. I make this affidavit in conjunction with the affidavit of Tim Merck of Wachovia and in support of Wachovia's pre-answer motion for an Order pursuant to Fed.R.Civ.P. 12(b)(6) dismissing the Complaint as against Wachovia.

## **LITIGATION BACKGROUND**

    3. This action was commenced by plaintiff on June 21, 2007 when he filed his

Complaint, a true copy of which is annexed hereto as Exhibit "2".

4. Wachovia acknowledged receipt of the Summons and Complaint on July 27, 2007 and Wachovia's time to move or answer with respect to the Complaint was agreed with plaintiff's counsel and confirmed by Stipulation to be on September 25, 2007. A copy of such Stipulation is annexed hereto as Exhibit "3".

## PLAINTIFF'S ALLEGATIONS

5. In his Complaint, plaintiff sues Wachovia upon a check dated July 1, 2004 which was drawn by co-defendant Mellon Investor Services, LLC ("Mellon"), and which was made payable to plaintiff as payee in the sum of $95,563.45 ("the Check"). The Check was deposited at Wachovia on or about July 28, 2004 (Complaint, Ex. 2 at ¶ 18). A copy of the Check is attached to the Complaint and also reproduced as Exhibit "1".

6. In his Complaint, plaintiff alleges that the check originated as part of a fraud perpetrated by third parties upon plaintiff, because "an imposter, purporting to be plaintiff… instructed Mellon to sell plaintiff's share account and send the proceeds of such sale to an address in Rio de Janeiro Brazil" (Complaint ¶ 15). The Check issued by Mellon represented the proceeds of the allegedly unauthorized sale of plaintiff's stock. (Id.)

7. In his Complaint, plaintiff admits that: "He did not receive any check and he had no relationship with any account at Wachovia Bank." (Complaint ¶ 19)

8. Annexed as Exhibit "4" are true copies of certain documents voluntarily, produced by plaintiff's counsel in this action, specifically as follows:

-- An October 29, 2006 letter of plaintiff to Mellon Investor Services in which plaintiff states to Mellon, in part, at page 1:

> I am writing in response to your letter of September 1, 2006 regarding the sale of shares of JP Morgan Chase & Co. from my account held with Mellon Investor Services. As I have advised you, I did not request or authorize the sale of these securities and I have never received or negotiated any check for the proceeds of any such sale. Moreover, as you have acknowledged in your letter, I have submitted to you an Affidavit of Forgery dated November 16, 2005 to confirm to you that I did not endorse the related check; a duplicate copy of this Affidavit is attached.

-- Exhibit 4 also includes an October 17, 2005 email from plaintiff to "Shareholder Relations" at Mellon, in which plaintiff stated, in part, as follows:

> On October 6th I contacted you and spoke with Mr. Louis Garcia. I described to him what I have explained previously to other Mellon employees via telephone and e-mail. The explanation was regarding the disappearance of my JP Morgan shares and the fact that I have NOT requested you to sell any of them. Also, I emphatically confirmed to him that I did not know a person with the name of Helena Bushroe. According to him, she is the person recorded in your files that gave you instructions to sell my shares.

9. Wachovia, the bank where the Check was deposited, moves to dismiss plaintiff's Complaint as to Wachovia because, I respectfully submit, the law is clear that a payee, such as plaintiff, who did not receive delivery of a check containing his alleged forged endorsement, cannot maintain suit thereon against a bank which paid or accepted same for deposit, (See, Wachovia's accompanying Memorandum of Law). Plaintiff's Complaint as against Wachovia should be dismissed accordingly.

WHEREFORE, your deponent respectfully requests that defendant Wachovia's motion for an Order pursuant to Fed.R.Civ.P.12 (b)(6) be granted, and that plaintiff's Complaint be dismissed with prejudice as to defendant Wachovia, and for such other and further relief which this Court may deem just and proper under the circumstances.

\S\ John A. Nocera
JOHN A. NOCERA

Sworn to before me on this
25th day of September, 2007

\S\ John P. Foudy
Notary Public, State of New York
No. 02FO50278941
Suffolk County, Exp May 23, 2010