UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CARLOS AUGUSTO LOPES,                          :

                    Plaintiff,   :    07 CIV 5928 (DLC)

    - against -                                   :

MELLON INVESTOR SERVICES LLC, JP       :   **ANSWER WITH**
MORGAN CHASE & CO., WACHOVIA                **DEFENSES OF**
CORPORATION, WACHOVIA BANK, N.A.,      :   **DEFENDANT JPMORGAN**
WACHOVIA/FIRST UNION BANK, HELENA          **CHASE & CO.**
BUSHROE, JOHN DOE AND JANE ROE,        :

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), by its attorneys, the JPMorgan Chase Legal Department, for its Answer to the Complaint (the "Complaint") of plaintiff, Carlos Augusto Lopes ("Plaintiff"), states as follows:

<u>Parties and Jurisdiction</u>

      1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 of the Complaint.

      2.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 2 of the Complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint.

      4.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 4 of the Complaint.

146524:v1

5. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 of the Complaint.

<u>Facts</u>

13. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Complaint, except admits that JPMorgan issued a check dated July 1, 2004 on the instructions of Mellon Investor Services LLC.

17. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of the Complaint.

### First Statement Of Claim Against Mellon

21. JPMorgan repeats and realleges its answers to paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 27 of the Complaint.

### Second Statement Of Claim Against Mellon

28. JPMorgan repeats and realleges its answers to paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 32 of the Complaint.

### Third Statement of Claim against JPMorgan Chase & Co.

33. JPMorgan repeats and realleges its answers to paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34. Denies the allegations contained in paragraph 34 of the Complaint.

### Fourth Statement of Claim Against Helena Bushroe and John Doe and Jane Roe

35. JPMorgan repeats and realleges its answers to paragraphs 1 through 24 of the Complaint as if set forth fully herein.

36. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 37 of the Complaint.

### AFFIRMATIVE DEFENSES

JPMorgan, without assuming the burden of proof on those matters for which Plaintiff bears such burden, alleges for its defenses as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim against JPMorgan upon which relief can be granted.

### SECOND DEFENSE

2. All or a part of the claim or claims asserted against JPMorgan in the Complaint is barred in whole or in part by operation of statutory and contractual conditions precedent to suit and/or applicable statutes of limitations.

### THIRD DEFENSE

3. No action or failure to act on the part of JPMorgan was the proximate cause of any loss suffered by Plaintiff.

### FOURTH DEFENSE

4. Any damages sustained by Plaintiff were caused by the conduct of persons other than JPMorgan.

### FIFTH DEFENSE

5. Plaintiff lacks standing to bring a claim against JPMorgan.

## SIXTH DEFENSE

6. Any claim against JPMorgan is barred by the doctrine of estoppel.

## SEVENTH DEFENSE

7. Any claim against JPMorgan is barred by the doctrine of laches.

## EIGHTH DEFENSE

8. Any liability of JPMorgan has been assumed by a third party.

## NINTH DEFENSE

9. Any action taken by JPMorgan was pursuant to applicable law.

## TENTH DEFENSE

10. Plaintiff's claims against JPMorgan are subject to all applicable defenses of the New York Commercial Code and applicable contract and tort law.

## ELEVENTH DEFENSE

11. Plaintiff has failed to mitigate his damages, if any.

## TWELFTH DEFENSE

12. JPMorgan acted reasonably, with due care, in good faith and properly at all times with regard to the matters alleged in the Complaint.

## THIRTEENTH DEFENSE

13. Plaintiff acted negligently in failing to prevent access to his account and in permitting third parties to obtain information regarding his account for the purpose of effecting the transactions alleged in the Complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CARLOS AUGUSTO LOPES,  :

                Plaintiff,  :  07 CIV 5928 (DLC)

- against -  :

MELLON INVESTOR SERVICES LLC, JP  :  AFFIDAVIT OF SERVICE
MORGAN CHASE & CO., WACHOVIA
CORPORATION, WACHOVIA BANK, N.A.,  :
WACHOVIA/FIRST UNION BANK, HELENA
BUSHROE, JOHN DOE AND JANE ROE,  :

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK   )

Vivian Patricia Falconi, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

That on the 27th day of September, 2007 deponent served the within:

**ANSWER WITH AFFIRMATIVE DEFENSES**

upon the name(s) listed below by depositing a true copy of the same securely enclosed in a first class, postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service.

**UPON:**
    Gerald E. Ross, Esq.
    Fryer & Ross LLP
    551 Fifth Avenue, Suite 1922
    New York, New York 10176
    Attorneys for Plaintiff

160623:v1

Mark A. Harmon, Esq.
Hodgson & Russ LLP
1540 Broadway, 24th Floor
New York, NY 10036
Attorneys for Mellon Investor Services LLC

John A. Nocera, Esq.
Rosner Nocera & Ragone LLP
110 Wall Street, 23rd Floor
New York, New York 10005
Attorneys for Wachovia

*Vivian Patricia Falconi*

Sworn to before me
this 27th day of September, 2007

_____
Notary Public

STUART RADISH
Notary Public, State of New York
No. 01RA6115435
Qualified in New York County
Commission Expires September 7, 2008

160623:v1