UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    Index No.: 07 CIV 5928 (DLC)

CARLOS AUGUSTO LOPES,

                              Plaintiff,

    -against-

MELLON INVESTOR SERVICES LLC, JP MORGAN
CHASE & CO., WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., WACHOVIA/FIRST
UNION BANK, HELENA BUSHROE, JOHN DOE
AND JANE ROE,

                              Defendants.
------------------------------------------------------------------------X

## Plaintiff's Memorandum of Law in Opposition to the Motion of Defendant Wachovia Bank N.A. to dismiss the Complaint

Plaintiff, Carlos A. Lopes ("Lopes"), respectfully submits his Memorandum of Law in Opposition to Defendant Wachovia Bank N.A.'s ("Wachovia") Motion to Dismiss the Complaint. Wachovia relies on authorities that hold plaintiff has no claim against a bank that accepted deposit of a forged or fictitious check unless that check was "delivered" either actually or constructively to the plaintiff. This motion is premature because the plaintiff is not able to demonstrate the material facts, or whether there is an issue of fact, until he has had discovery. So far, despite multiple requests of Wachovia, both before and after this action was commenced, it has not produced any information regarding the check or the circumstances of its deposit in a Wachovia account.

Another issue that, again, can only be determined after there has been at least some discovery, is whether Wachovia's negligence in allowing an account to be set up into which a check ostensibly drawn to the order of plaintiff can be deposited and then withdrawn with no one checking to verify the identity of the depositor.

### Background Facts

Lopes was an employee of Defendant JP Morgan Chase & Co. ("Chase") from June 2000 through December 2001. As part of his compensation, he accumulated approximately 2,500 shares of Chase stock, which was held by Chase's custodial

agent, defendant Mellon Investor Services LLC ("Mellon").[1] Lopes had no say in the choice of custodian for his stock and when he left Chase' employ, "inherited" his account relationship with Mellon. Nevertheless, Mellon had a fiduciary duty to him, as bailee of his property, to protect and safeguard it.

An imposter telephone Mellon, easily convinced whoever took the call that she was calling for Mr. Lopes, and told Mellon to sell Mr. Lopes' Chase stock and have a check issued to him. We learned for the first time at the pre-trial conference held last week that this person gave Mellon a "change of address" for mailing the proceeds of the sale of Mr. Lopes' stock.

With apparently no independent verification of the identity of the caller, Mellon sold Lopes' stock and asked Chase to draw a check payable to "Carlos A. Lopes" but to an address that was similar in appearance, but different from Mr. Lopes' address on file with Mellon, and, presumably, with Chase.[2] At this point we don't know whether the check was mailed, to whom it was mailed or whether it was simply intercepted by someone at one of the defendants who then deposited it. If it was mailed to the Rio de Janeiro address printed on the check, it may have been delivered to an person deemed to be an agent of plaintiff, thus constituting constructive delivery of the check.[3] Somehow, by means not yet known to plaintiff, the check was intercepted by a thief and deposited into an account at Wachovia.

Wachovia has submitted two affidavits in support of its Rule 12(b)(6) motion to dismiss the complaint. One, from Tim Merck a vice president of the bank, and the other from John A. Nocera, Esq., counsel for Wachovia in this matter, both state facts and refer to "matters outside the pleading". Plaintiff has no objection to the submission of such affidavits, but, the motion should now be treated as

---

[1] Complaint, ¶¶ 9(a), 14

[2] A copy of the check is annexed to the complaint. Discovery demands have been served on all defendants asking, inter alia, for information in their files regarding plaintiff, including records of verification of the identity of the caller, the existence of written authority from Lopes naming the person who called as a person authorized to act for him, address records on file, and in Wachovia's case, details of the account into which the imposter deposited the check.

[3] Again, discovery requests are outstanding to attempt to determine how the check left Chase and wound up in the hands of the thief. If, for example, it was mailed to Brazil, and delivered to a post office there or an apartment concierge, it may have been "delivered" to plaintiff, thus making Wachovia liable for accepting a forged check that had been delivered to an agent of the plaintiff.

one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Until discovery is had, plaintiff is unable to present facts essential to justify its opposition. Accordingly, we respectfully request that this Court deny Wachovia's motion at this time, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

Virtually all facts, except the fact that his property was stolen, are in the possession of defendants Mellon, Chase or Wachovia ( collectively "the Bank defendants"). The Bank defendants have conditioned their initial disclosures, and presumable responses to discovery, on execution of a confidentiality stipulation and order. Such an instrument has been circulated to the bank defendants and, once executed and ordered, discovery will begin. Only after reasonable discovery will it be possible to determine whether Wachovia has a viable claim to dismiss the complaint.

For example, the correspondence between and among Lopes, Mellon and Wachovia indicate that a person who used the name "Helen Bushroe" telephoned Mellon and claimed to be an interpreter for Lopes, who is a native citizen of and now lives in Brazil.[4] Whoever " Bushroe" really is, she had to have knowledge of the kinds of security and anti-fraud procedures used by banks and stock custodians to protect against just the kind of theft that occurred in this case. One of the discovery requests to be made by plaintiff is to ask all of the bank defendants to search their personnel records, any logs of telephone calls and other internal records for the name Bushroe.[5]

### Wachovia's Affidavits Raise Fact Issues that Can only Be Resolved After Discovery

The Merck affidavit submitted by Wachovia outlines the bare bones of the negotiation of the check issued by Chase upon the instructions of Mellon. Merck, a Vice President of Wachovia, does not explain how or when the account into which the check was deposited was opened. He does not explain when the funds were withdrawn from the account. He does not explain what measures Wachovia took to make sure that it was not accepting stolen money or aiding and abetting money laundering. In short, his affidavit is silent on all the issues that may

---

4   Complaint, ¶15.

5   Although this action was not commenced until almost three years after the theft, Lopes, Mellon and Wachovia were exchanging telephone messages, correspondence and e-mail at least by September 2005. Those defendants had a duty to preserve relevant information at least by that time.

show Wachovia was negligent or even complicit in the theft of Lopes' property. One point is obvious from mere perusal of the forged check affidavit that Wachovia asked Lopes to submit to it and the check issued by Chase: the "signature" on the back of the check is not really a forgery. It bears no resemblance whatsoever to Lopes' real signature – no attempt was made to "forge" his signature. That signature is just the name "Carlos Lopes," which may or may not have been intended to refer to the particular "Carlos Lopes" who was the owner of the Chase stock being held for him by Mellon. Plaintiff's name seems to be a common name and it until we have discovery of Wachovia, plaintiff cannot determine how Wachovia permitted deposit of the check without making any investigation into the identity of the depositor.

Also, it appears that the check may have been endorsed twice before it was deposited at Wachovia. Discovery is necessary to establish whether this was the case. It will be important to know the identity of the purported owner of the Wachovia account into which the check was deposited.

The Merck affidavit also contains a glaring omission with respect to Wachovia's claim that North Carolina or Florida law applies to this case. Merck states that the check was deposited at a Wachovia branch in Florida.[6] He does not explain how it made its way to that branch. The account may have resided at the Orlando Florida branch, but Wachovia has branches all over the country, including many branches in New York City. It is entirely possible that the check was tendered to a different Wachovia branch for deposit to the thief's account at the Orlando branch. Discovery is necessary to establish that fact.

## The Authorities Relied on by Wachovia are Not Dispositive

Wachovia relies mainly on a New York Court of Appeals decision, *State of New York v. Barclay's Bank of New York, N.A.,* 76 N.Y.2d 533, 561 N.Y.S.2d 697 (1990) that holds "actual or constructive delivery to the payee is a necessary prerequisite to a conversion action . . . ." As explained above, it is too soon in this case to determine that the check at issue was never delivered to plaintiff.

## Conclusion

Banks are protective of their clients' and depositors' privacy, and they should be. The consequence in this case is that the plaintiff knows very little about what happened to his property, other than that someone took it without his permission. Therefore, he is not able at this time to provide affidavits demonstrating that there is an issue of fact as to the matters raised by

---

[6] Merck Aff., ¶4.

the moving defendant, Wachovia.

In addition, Wachovia has raised matters outside the pleadings, thus requiring that this motion be treated as one for summary judgment under Rule 56, rather than as a motion to dismiss under Rule 12. In these circumstances it is appropriate and proper for the Court either to deny the motion (without prejudice to raise these issues at a later time, after discovery) or to hold it in abeyance until plaintiff can have discovery and determine whether Wachovia has a viable motion.

Therefore, plaintiff respectfully requests that the motion of Wachovia Bank, N.A. to dismiss the complaint either be denied or decision on the motion held in abeyance pending completion of discovery.

Dated: October 26, 2007

*Gerald E. Ross*

Gerald E. Ross (GR0534)
FRYER & ROSS LLP
*Attorneys for Plaintiff*
551 Fifth Avenue, Suite 1922
New York, New York 10176
(212) 286-0099

TO:

John A. Nocera
John P. Foudy
Rosner, Nocera & Ragone LLP
*Attorneys for Wachovia Bank, N.A.*
110 Wall Street, 23rd floor
New York, New York 10005

Sheila E. Carson, Esq.
JPMorgan Chase Bank, N.A.
Legal Department
One Chase Manhattan Plaza, 26th floor
New York, New York 10005

Mark A. Harmon, Esq. (MH9126)
Hodgson Russ LLP
Attorneys for Defendant Mellon Investor Services LLC
1540 Broadway, 24th floor
New York, New York 10036
(212)751-4300