UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS AUGUSTO LOPES,

        Plaintiff,                              Case No.: 07 CIV 5928
  -against-                                     (DLC)

MELLON INVESTOR SERVICES LLC, JP MORGAN
CHASE & CO., WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., WACHOVIA/FIRST
UNION BANK, HELENA BUSHROE, JOHN DOE
AND JANE ROE,

        Defendants.
------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF WACHOVIA'S MOTION TO DISMISS

                                              ROSNER NOCERA & RAGONE, LLP
                                              Attorneys for Defendant,
                                              Wachovia Bank, N.A.
                                              110 Wall Street - 23rd Floor
                                              New York, New York 10005
                                              (212) 635-2244

Of Counsel:

John A. Nocera
John P. Foudy

**TABLE OF CONTENTS**

                                                                               **PAGE**

**TABLE OF AUTHORITIES**..................................................................................................ii

**PRELIMINARY STATEMENT**............................................................................................2

**STATEMENT OF FACTS**.....................................................................................................2

**POINT I**    :     DEFENDANT WACHOVIA IS ENTITLED TO A
                       DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO
                       FRCP 12 (b)(6) SINCE A PAYEE WHO NEVER RECEIVED
                       DELIVERY OF A CHECK CANNOT MAINTAIN SUIT UPON SUCH
                       CHECK ............................................................................................................3

                       THE ABSENCE OF ANY FACTUAL ISSUE…………………………………4

                       DISCOVERY IS UNNECESSARY..……...........................................................5

                       NO ISSUES ARISE OUTSIDE THE PLEADING…………........................6

**CONCLUSION**:       ..............................................................................................................7

cs/lopes.table

# Table of Authorities

**CASES**

Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co., 703 N.E.2d 217 (Mass.1998)..........................6
First Investors Corp. v. Citizens Bank, Inc., 1992 WL 36812 (4th Cir. 1992), aff'g 757 F.Supp. 687, (W.D. N.C. 1991),..................................................................................................................................6
Gress v. PNC Bank, 100 F.Supp.2d 289 (E.D. Pa. 2000)............................................................................6
Halla v. Norwest Bank Minnesota, 601 N.W.2d 449 (Minn. Ct. App. 1999)..............................................6
Langman Fabrics, a div. of Blocks Fashion Fabrics, Inc. v. Graff, 160 F.3d 106 (C.A.2 1998)…………..4
Mack v. United States, 814 F.2d 120, (2d Cir. 1987)……………………………………………………..4
Roy Supply Inc. v. Wells Fargo Bank, 39 Cal. App. 4th 1051 (Cal. Ct. App. 1995)...................................6
State of New York v. Barclays Bank of New York, N.A., 76 N.Y.2d 533, 561 N.Y.S.2d 697 (1990).........4
Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566 (2nd Cir. 1991)…………….....4

**Statutes**

UCC 3-419(1)(c)...........................................................................................................................................4
UCC § 3-420 ................................................................................................................................................4

**PRELIMINARY STATEMENT**

This Reply Memorandum of Law is respectfully submitted on behalf of defendant Wachovia Bank, N.A., ("Wachovia") in reply to the plaintiff's Memorandum of Law in opposition and in further support of Wachovia's motion, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's Complaint as against Wachovia.

**STATEMENT OF FACTS**

The facts are set forth in the supporting affidavits of Wachovia by Tim Merck, sworn to on the 11th day of September, 2007 ("Merck Affidavit") and of Wachovia's counsel, John A. Nocera, sworn to the 24th day of September, 2007 (the "Nocera Affidavit"), in the exhibits annexed to the foregoing, and in the Statement of Facts set forth in Wachovia's Memorandum of Law in Support dated September 24, 2007.

Defendant Wachovia's motion to dismiss is predicated upon the undisputed fact that Plaintiff never received delivery of the check he purports to sue upon. In opposition, plaintiff has submitted a Memorandum of Law asserting that whether or not plaintiff received delivery cannot be determined until discovery is completed.

Significantly, plaintiff _himself_ submits no affidavit suggesting that there might be an issue of fact as to whether or not plaintiff received delivery of the check. This is not surprising, since plaintiff has sworn in an affidavit he did not receive any proceeds of the check (Ex. "4"), asserted in correspondence that he never "received or negotiated any check" (Ex. "4") and affirmatively pleaded that fact in his Complaint (Ex. "2" at ¶ 19).

2

The absence of any affidavit from plaintiff himself on the issue of the check's delivery is glaring on this motion. The speculation in plaintiff's Memorandum of Law, by his counsel, cannot change the undisputed facts. As discussed below, even if such speculation was in an affidavit by counsel it is wholly insufficient as a basis to allow plaintiff to maintain this suit against Wachovia.

## POINT I

**DEFENDANT WACHOVIA IS ENTITLED TO A DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO FRCP 12 (b)(6) SINCE A PAYEE WHO NEVER RECEIVED DELIVERY OF A CHECK CANNOT MAINTAIN SUIT UPON SUCH CHECK**

Plaintiff's counsel asserts that Wachovia's motion is premature since issues purportedly exist which can only be resolved through discovery. Counsel's assertion is incorrect, none of the alleged issues asserted by plaintiff are material in any way to this action as against Wachovia. Plaintiff has admittedly sued Wachovia in Wachovia's role as a depository bank. Therefore, only one issue is dispositive regarding whether or not plaintiff payee can maintain suit against Wachovia. If plaintiff never received delivery of the check at issue he simply cannot maintain suit thereon against Wachovia. Instead, plaintiff's remedy is to sue the drawer of the check, Mellon, which in turn has a claim against Chase, the drawee bank which issued the check, and Chase in turn has a claim for alleged breach of warranty of endorsements against Wachovia.

The UCC mandates this result. The strong policy reasons behind this long

3

established statutory scheme for allocation of risks arising from check fraud are fully explained and supported by the authorities at pages 6 through 11 of Wachovia's main brief. Plaintiff has a remedy, but it is not a direct one against Wachovia.

Both statute and caselaw mandate that a payee who did not receive delivery of a check cannot maintain suit thereon. UCC § 3-420 (rev.) and NY UCC ]UCC § 3-419, see: State of New York v. Barclays Bank of New York, N.A., 76 N.Y.2d 533 at 537, 561 N.Y.S.2d 697 at 698 (1990).  Delivery is the sole issue relevant to the instant motion.

### THE ABSENCE OF ANY FACUAL ISSUE

Plaintiff's counsel cannot manufacture an issue by merely asserting an attorney's speculation in a brief that "it may have been delivered to a person deemed to be an agent of plaintiff" (plaintiff's Memo at 2) and "it is too soon in this case to determine that the check at issue was never delivered to plaintiff" (plaintiff's Memo at 4).

Plaintiff's counsel engages in rank and contradictory speculation, while plaintiff himself remains silent.  Plaintiff's Complaint has affirmatively asserted that plaintiff never even requested the check to be issued, and never received delivery of the check (Ex. "2"at ¶ 19). Documents voluntarily provided by plaintiff assert that plaintiff never received delivery (Ex. "4").  Just as a party cannot create an issue of fact by contradicting an earlier sworn statement (see, Langman Fabrics, a div. of Blocks Fashion Fabrics, Inc. v. Graff, 160 F.3d 106 (C.A.2 1998); Mack v. United States, 814 F.2d 120, 124-25 (2d Cir.1987); Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566,

572 (2d Cir.1991), a party cannot create an issue for discovery by submitting speculation from his counsel which contradicts the essential claims underlying plaintiff's claims.

Whether or not plaintiff received delivery of the check is obviously not an issue for which plaintiff needs discovery from any defendant to determine.  Whether anyone who received the check could be deemed an agent of plaintiff is a fact known to plaintiff since it is only plaintiff, by his acts, who can create an agency relationship.  Whether plaintiff received delivery is a fact known to plaintiff and already sworn to by him.

**DISCOVERY IS UNNECESSARY**

Plaintiff asserts that it needs discovery of Wachovia with respect to Wachovia's alleged negligence "in allowing an account to be set up…" (Plaintiff's Memo at 1). Plaintiff asserts that he needs to know who "Bushroe" (the individual who allegedly contacted Mellon) is (Plaintiff's Memo at 3). Plaintiff asserts that discovery is needed to "determine how Wachovia permitted deposit of the check…." (Plaintiff's Memo at 4).

None of those purported issues asserted by plaintiff has the slightest relevance to the instant motion, since none pertain to whether or not plaintiff as payee received delivery of the Check and therefore can maintain suit against Wachovia.

Whether Wachovia was or was not negligent is immaterial.  It simply does not matter whether plaintiff characterizes his action as one for conversion" or "negligence", or "lack of due diligence".  Since the "checks were never actually or constructively delivered to plaintiff. [Plaintiff] therefore, never acquired a property interest in them

5

and cannot be said to have suffered a loss." State of New York v. Barclays Bank, supra, 76 N.Y.2d at 540, 561 N.Y.S.2d at 701.

Whether Wachovia was or was not negligent is immaterial under the 1990 version of the UCC (which governs plaintiff's claim against Wachovia). The UCC provides a sole and exclusive remedy with respect to claims involving the conversion of negotiable instruments, and precludes any attempted negligence or other common law claim by plaintiff. See, Gress v. PNC Bank, 100 F.Supp.2d 289, 292 (E.D. Pa. 2000); Halla v. Norwest Bank Minnesota, 601 N.W.2d 449, 451 (Minn. Ct. App. 1999); Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co., 703 N.E.2d 217, 200 (Mass. 1998); Roy Supply Inc. v. Wells Fargo Bank, 39 Cal. App. 4th 1051 (Cal. Ct. App. 1995); First Investors Corp. v. Citizens Bank, Inc., 1992 WL 36812, *2 (4th Cir. 1992), aff'g 757 F.Supp. 687, 689 (W.D. N.C. 1991).

**NO ISSUES ARISE OUTSIDE THE PLEADING**

The claim by plaintiff's counsel that Wachovia has interjected matters outside the pleadings is also unavailing. True, Wachovia has attached a few documents to its motion, but (a) they are only the documents referred to in plaintiff's complaint and which plaintiff voluntarily produced (see, Nocera Aff., Ex. "4"), and (b) the documents interject no new issues - - they merely confirm the single dispositive fact affirmatively pleaded in the complaint – namely that plaintiff did not receive delivery of the check. Likewise, the Merck Affidavit only interprets information contained on the check as to

where the Check was deposited. That fact interjects no new issues, it merely establishes the applicable law under the UCC.

## CONCLUSION

Based upon the authorities cited above, defendant Wachovia Bank, National Association, respectfully requests that its motion pursuant to Fed R.C.P. 12 (b) (6) to dismiss the complaint as to Wachovia, and the Second Statement of Claim asserted as against Wachovia, be granted in all respects, with costs and disbursements, together with other appropriate relief under the circumstances.

Dated:   New York, New York
         November 2, 2007

Respectfully submitted,

ROSNER NOCERA & RAGONE, LLP

By: ___\S\John A. Nocera_____
    John A. Nocera (JN-3399)
Attorneys for Wachovia
110 Wall Street – 23rd Floor
New York, New York 10005
(212) 635-2244

cs.lopes.replymemo
11/07

7