UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Case No.: 07 CIV 5928 (DLC)
CARLOS AUGUSTO LOPES,

                Plaintiff,

  -against-                              **WACHOVIA BANK N.A.'S**
                                             **ANSWER TO CROSS-CLAIM**
                                             **OF MELLON INVESTOR**
MELLON INVESTOR SERVICES LLC, JP MORGAN  **SERVICES, LLC**
CHASE & CO., WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., WACHOVIA/FIRST
UNION BANK, HELENA BUSHROE, JOHN DOE
AND JANE ROE,

                Defendants.
------------------------------------------------------------X

      Defendant Wachovia Bank, N.A., sued herein as Wachovia Bank, N.A., ("Wachovia") by and through its attorneys, Rosner Nocera & Ragone, LLP, as and for its Answer to the Cross-Claim of defendant Mellon Investor Services, LLC, (the "Cross-Claim") alleges upon information and belief, as follows:

## AS TO CROSS-CLAIM AGAINST WACHOVIA

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Cross-Claim.

      2.     Denies each and every allegation contained in paragraph "2" of the Cross-Claim.

      3.     Denies each and every allegation set forth in paragraph "3" of the Cross-Claim.

## AFFIRMATIVE DEFENSES

      Defendant Wachovia, without assuming or altering Mellon's burden of proof of any claims or matters for which Mellon bears such burden, alleges for its defenses as follows:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. The Cross-Claim, and each and every cause of action and claim for relief set forth therein fails to state a cause of action upon which relief may be granted as against Wachovia.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Based upon the allegations contained in the plaintiff's complaint, the Check sued upon is alleged to have been drawn by defendant Mellon Investor Services LLC ("Mellon"), upon an account of defendant JP Morgan Chase & Co. ("Chase") and deposited into an account maintained at defendant Wachovia.

6. Mellon lacks standing and/or privity of contract with Wachovia sufficient to maintain any direct claim against Wachovia, and as a result Mellon's Cross-Claim and each and every cause of action and claim for relief asserted therein are barred as against Wachovia.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Repeats, reiterates and realleges each and every allegation set forth in the Second Affirmative Defense above.

8. Pursuant to UCC § 3-420 (a) (Rev.) a drawer of a check, such as Mellon herein, cannot maintain suit upon a check as against a depository bank, such as Wachovia and as a result Mellon's Cross-Claim and each and every cause of action and claim for relief asserted therein are barred as against Wachovia, pursuant to, inter alia, UCC § 3-420(a) (Rev.)

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Repeats, reiterates and realleges each and every allegation set forth in the Second and Third Affirmative Defenses above.

10. Any guaranties of prior endorsements or other warranties of presentment given by

a bank of first deposit or other collecting bank are not given to and do not run to the issuer or drawer of a Check and as a result Mellon's Cross-Claim and claim for relief asserted therein is barred as against Wachovia.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. UCC 3-402 (Rev.) and NY UCC §3-403 each provide in essence, that a signature may be made by an agent or other representative, and authority to make it may be established as in other cases of representation, and particular form of appointment is necessary to establish such authority.

12. Upon information and belief, the signatures claimed by plaintiff to have been forged or unauthorized are binding upon plaintiff and/or to the extent that Helena Bushroe and/or John Doe and Jane Roe and/or third parties acting for or on behalf of plaintiff were imposters and/or had actual, implied or apparent authority to receive and/or endorse or sign said Check, and/or collect and deal with the proceeds thereof, and/or to the extent that Mellon and/or Helena Bushroe and/or John Doe or Jane Roe were the agent(s) or representatives of plaintiff to perform such acts, such defenses bar plaintiff's claims and Mellon is likewise barred from recovery as against Wachovia, including, but not limited to, under UCC § 3-404 (Rev.) and/or N.Y. UCC § 3-405.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Based upon the allegations contained in the complaint, the acts of Helena Bushroe and/or John Doe and Jane Roe, including, without limitation, the alleged endorsement of the subject Check, the negotiation of same and withdrawal of the proceeds thereof, were the cause of any claimed loss to plaintiff asserted in the Complaint and Cross-Claim.

14. As result thereof, Wachovia has no liability to Mellon.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. Upon information and belief, the negligence of the plaintiff and/or Mellon substantially contributed to the making of any unauthorized signatures or endorsements and/or the loss alleged to have been suffered by plaintiff and Mellon herein.

16. As a result of the foregoing and pursuant to, <u>inter alia</u>, Uniform Commercial Code §3-406, Mellon's claims and causes of action, and the damages claimed to have resulted from the alleged unauthorized signatures or endorsements, are barred as against Wachovia.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. The damages complained of in Mellon's Cross-Claim were caused in whole or in part by the fault, negligence, want of care and culpable conduct of Mellon, and Mellon is, therefore, barred from recovery against Wachovia.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. Any losses which may have been sustained by Mellon, all of which are specifically denied, were caused or contributed to by reason of Mellon's own culpable conduct, negligence, carelessness, want of care, and/or assumption of risk, including, but not limited to, allowing control over the Check or plaintiff's account(s) with Mellon and/or Chase to be obtained by Helena Bushroe and/or others, and any recovery of Mellon is therefore precluded or in the alternative, shall be diminished in the proportion which the culpable conduct attributable to Mellon bears to the culpable conduct which caused the damages, to the extent required and provided under the Uniform Commercial Code.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19.     Mellon's Cross-Claim is barred either in whole or in part by applicable statutes of limitation, including the statute of limitations provided for under Articles 3 and 4 of the Uniform Commercial Code, and/or by other statutory time periods required for the giving of notice of claim of forgery as to signatures, and/or for the commencement of suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20.     Mellon's Cross-Claim and each and every cause of action and claim for relief set forth therein are barred as a result of Mellon's failure to mitigate its alleged damages, if any.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21.     Mellon's Cross-Claim and each and every cause of action and claim for relief set forth therein are barred to the extent applicable by the doctrines of waiver and/or estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22.     Mellon's Cross-Claim and each and every cause of action and claim for relief set forth therein are barred to the extent there was any ratification of the signatures and endorsements appearing upon the Check, including without limitation, pursuant to NY UCC §3-404 and UCC § 3-403 (Rev.)

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

23.     The claims asserted in Mellon's Cross-Claim and each and every cause of action and claim for relief asserted therein are barred as against Wachovia pursuant to UCC Sections 3-404 and/or 3-405 (Rev.)

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

24.     Mellon's Cross-Claim and each and every cause of action and claim for relief set

forth therein are barred by applicable provisions of Articles 3 and 4 of the Uniform Commercial Code.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

25. Mellon was in a better position to detect, discover and prevent the losses complained of, if any, and as a result, Mellon's claims and causes of action as against Wachovia should be dismissed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

26. Mellon is precluded from asserting any lack of authority of any person signing or endorsing the Check, including but not limited to pursuant to UCC § 3-404 (Rev.)/UCC 3-405.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

27. Mellon's Cross-Claim and each and every cause of action and claim for relief set forth therein are barred, in whole or in part, by the doctrine of accord and satisfaction.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

28. Mellon's Cross-Claim and each and every cause of action and claim for relief set forth therein against Wachovia are barred and/or otherwise reduced and mitigated by any amounts recovered by Mellon from the named co-defendants in this case and/or other third parties.

## AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE

29. Any liability of Wachovia, which is denied, is limited to the face amount of the Check.

WHEREFORE, defendant Wachovia demands judgment: (i) dismissing Mellon's Cross Claim against it and awarding said defendant the costs and disbursements of this action; and (ii)

for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 9, 2007

                                           ROSNER NOCERA & RAGONE, LLP

                                           By:___\S\John A. Nocera_____
                                                  John A. Nocera (JN-3399)
                                           Attorneys for Wachovia
                                           110 Wall Street-23rd Floor
                                           New York, New York 10005
                                           (212) 635-2244

To:  Hodgson Russ LLP
     Attorneys for Mellon
     1540 Broadway, 24th Floor
     New York, NY 10036

     Fryer & Ross LLP
     Attorneys for Plaintiff
     551 Fifth Avenue, Suite 1922
     New York, New York 10176

     Sheila E. Carson, Esq.
     JP Morgan Chase Bank, N.A.
     Legal Department
     One Chase Manhattan Plaza, 26th Floor
     New York, NY 10005

cs/LopesDraft.Ans2
11/07