```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
CARLOS AUGUSTO LOPES,                     :
                    Plaintiff,            :
                                          :    07 Civ. 5928 (DLC)
          -v-                             :
                                          :    MEMORANDUM OPINION
MELLON INVESTOR SERVICES LLC, JPMORGAN    :         AND ORDER
CHASE & CO., WACHOVIA CORPORATION,        :
WACHOVIA BANK, N.A., WACHOVIA/FIRST       :
UNION BANK, HELENA BUSHROE, JOHN DOE      :
AND JANE ROE,                             :
                    Defendants.           :
                                          :
-----------------------------------------X
```

Appearances:

For Plaintiff:

Gerald E. Ross
Fryer & Ross LLP
551 Fifth Avenue
Suite 1922
New York, New York 10176

For Defendant Wachovia Bank, N.A.:

John Nocera
John P. Foudy
Rosner Nocera & Ragone, LLP
110 Wall Street
23rd Floor
New York, New York 10005

DENISE COTE, District Judge:

    This action arises out of a fraudulent scheme perpetrated by an unknown person. The plaintiff, Carlos Lopes ("Lopes") filed this action on June 21, 2007 against Wachovia Bank, N.A.

("Wachovia"),[1] JP Morgan Chase & Co. ("Chase"), Mellon Investor Services LLC ("Mellon"), and several unknown defendants.  On September 25, Wachovia filed a motion to dismiss all claims against it.

BACKGROUND

The following facts are taken from the Complaint unless otherwise noted.  Lopes owned stock in defendant Chase.  Mellon acted as Chase's agent for stock transfer services.  In June 2004, an unknown imposter, pretending to be Lopes or someone acting on his behalf, instructed Mellon to sell plaintiff's shares and send the proceeds to an address in Rio de Janeiro, Brazil, the city in which Lopes resided.  Someone who was not Lopez received the check and deposited in a Wachovia account that did not belong to Lopes.  Wachovia negotiated the check.  Lopez had no relationship with any account at Wachovia and did not receive any check or payment for his Chase stock.

DISCUSSION

Wachovia argues that the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Lopes also named "Wachovia Corporation" and "Wachovia/First Union Bank" as defendants.  Wachovia states that these entities do not exist, and Lopes does not dispute this fact.  The Complaint is dismissed as to Wachovia Corporation and Wachovia/First Union Bank.

Although Wachovia accompanied its motion to dismiss with affidavits, its motion is granted without consideration of those affidavits or any other matters outside the pleadings and therefore will not be converted to a motion for summary judgment. See Fed. R. Civ. P. 12(b); Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005). When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d

Cir. 2006) (citation omitted).  A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1968-69 (2007)).

The Complaint does not specify the legal basis for the claim against Wachovia.  Wachovia treats the Complaint as alleging conversion of an instrument under Article III of the Uniform Commercial Code ("UCC"), and Lopes does not dispute this characterization or identify any other legal theory to support his claim against Wachovia.  Wachovia argues that the plaintiff's claim against it must fail because the plaintiff has conceded that he did not receive delivery of the check from Wachovia.

Since this is a diversity action, New York law governs the choice-of-law analysis.  Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000).  According to New York's Uniform Commercial Code,

> The liability of a bank for action or non-action with respect to any item handled by it for purposes of presentment, payment or collection is governed by the law of the place where the bank is located.  In the case of action or non-action by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate

4

office is located.

N.Y. U.C.C. § 4-102. Wachovia's memorandum in support of its motion states that the bank is located in North Carolina and that the check was deposited in a Florida branch. Lopes suggests that it is "entirely possible" that the check was tendered to a Wachovia branch in a different state, but does not allege that it was actually tendered or deposited in any particular state. The Complaint alleges that Wachovia has an "office for service of process" in Pennsylvania. Regardless of whether this motion is considered under the law of Pennsylvania, Florida, or North Carolina, it must be granted.

Each of these states has adopted language from the 1990 Uniform Commercial Code ("UCC") that prohibits a "payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent" or copayee from bringing an action for conversion of an instrument. 13 Pa. Stat. & Cons. Stat. § 3420(a); N.C. Gen. Stat. § 25-3-420(a)(ii); Fla. Stat. § 673.4201(1)(b); see Attorney's Title Ins. Fund, Inc. v. Regions Bank, 491 F.Supp.2d 1087, 1095 (S.D. Fla. 2007); Bumgarner v. Wood, 563 S.E.2d 309 (Table) (N.C. 2002); Manfredi v. Dauphin Deposit Bank, 697 A.2d 1025, 1029 & n.9 (Pa. Super. 1997).[2] Delivery may be actual or constructive.

---

[2] New York has not adopted the quoted language from the 1990 revision of the UCC. New York courts nevertheless do not permit

5

Attorney's Title Ins. Fund, 491 F.Supp.2d at 1095.  As the official comment to the 1990 revision pf the UCC makes clear, delivery to a third party who is not a copayee or agent of the payee does not give the payee standing to sue for conversion. Fla. Stat. § 673.4201, cmt. 1; N.C. Gen. Stat. § 25-3-420, cmt. 1; 13 Pa. Stat. & Cons. Stat. § 3420, cmt. 1; Attorney's Title Ins. Fund, 491 F.Supp.2d at 1093.

The Complaint concedes that Lopes did not receive the check.  It does not support an inference that Lopez, an agent, or a copayee ever actually or constructively received the check.[3]  See Attorney's Title Ins. Fund, 491 F.Supp.2d at 1095-96.  It therefore does not state a claim for conversion of an instrument under the 1990 UCC.

Lopes argues that discovery may reveal facts that would support his claim.  The plaintiff has no right to obtain discovery on a claim that he has not adequately pled.  In any event, the deficiency in the Complaint relates to matters which are within the knowledge of the plaintiff:  whether he ever received the check.  He has not indicated an ability to cure the

---

suit for conversion of a negotiable instrument by a plaintiff who has not actually or constructively received the instrument. State v. Barclays Bank of New York, N.A., 76 N.Y.2d 533, 539 (1990).

[3] For example, the Complaint does not allege that the check was placed in the mail properly addressed to Lopes.  See Racso, 735 So.2d at 520.

6

deficiency through an amended pleading.  The motion to dismiss Lopes's claim for conversion is granted.

CONCLUSION

Wachovia's September 25 motion to dismiss is granted.

SO ORDERED:

Dated:   New York, New York
         December 3, 2007

```
                    _____
                           DENISE COTE
                    United States District Judge
```

7